# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAWN KNIGHT, on behalf of
P.K., a minor,

       Plaintiff,

vs.                                                                    No. CIV 12-0382 JB/LFG

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the United States Court of Appeals for the Tenth Circuit's Order, filed in the Tenth Circuit December 2, 2013, filed in the District of New Mexico December 3, 2013 (Doc. 38-1)("Tenth Circuit's Jurisdictional Order"); (ii) Plaintiff's Motion to Extend Time to File Appeal, filed August 30, 2013 (Doc. 29)("Motion to Extend"); and (iii) Plaintiff's Motion to Enter Order Extending Time to File Appeal, filed October 18, 2013 (Doc. 36)("Motion to Enter Order").  The Court held a hearing on November 13, 2013.  The primary issue common to both motions is whether the Court should enter an order extending the time within which Knight may file a notice of appeal, after the Honorable Lorenzo F. Garcia, United States Magistrate Judge, signed an order purporting to grant the Motion to Extend.  The Court will grant the motions in part and deny them in part.  Because the Court concludes that Judge Garcia lacked the authority to grant the Motion to Extend, Knight's Notice of Appeal, filed September 25, 2013 (Doc. 31), was untimely and did not, therefore, divest the Court of jurisdiction over this case.  The Court may, therefore, rule on the Motion to Extend. The Court concludes that Knight has shown good cause to extend the time within which she may

file her notice of appeal, and will, therefore, grant the Motion to Extend in part.  The Court will not, however, enter a *nunc pro tunc* order or extend the deadline until September 27, 2013, as Knight requests, because, under Tenth Circuit law, such an order is neither necessary nor appropriate: the Court's order granting the Motion to Extend is sufficient to validate Knight's Notice of Appeal.

## PROCEDURAL BACKGROUND

In its Memorandum Opinion and Order Adopting Magistrate Judge's Analysis and Recommended Disposition, and Dismissing Case, filed June 29, 2013 (Doc. 27), the Court adopted the Magistrate Judge's Analysis and Recommended Disposition, filed May 8, 2013 (Doc. 23), and dismissed with prejudice Knight's Complaint, filed April 13, 2013 (Doc. 1).  The Court entered final judgment on June 29, 2013.  See Final Judgment, filed June 29, 2013 (Doc. 28).

On August 30, 2013, Knight filed her Motion to Extend, in which she states that, "because Ms. Knight has failed to advise counsel of her current address, and may in fact be homeless," her "counsel was unable to contact Ms. Knight within the 60-day time for appeal, to discuss an appeal of the Final Order."  Motion to Extend at 1.  Knight asks the Court to extend the deadline for filing a notice of appeal until September 27, 2013.  See Motion to Extend at 1.

Judge Garcia signed an Order Extending Time to File an Appeal, filed September 10, 2013 (Doc. 30)("Magistrate Judge's Order"), which purported to grant the extension that Knight seeks.  See Magistrate Judge's Order at 1.  Judge Garcia stated that "[n]o response is necessary, as this type of motion is directed to the Court's discretion," and concluded that "[t]he request for an extension is warranted and, if granted, will not prejudice Defendant."  Magistrate Judge's

Order at 1.  Judge Garcia, therefore, purported to "extend[] the time for Plaintiff to file an appeal until September 27, 2013."  Magistrate Judge's Order at 1.

Knight subsequently filed her Notice of Appeal.  See Notice of Appeal at 1.

On October 17, 2013, the Tenth Circuit suspended briefing on appeal.  See Order, filed in the Tenth Circuit October 17, 2013, filed in the District of New Mexico October 18, 2013 (Doc. 36-1)("Tenth Circuit's Order Suspending Briefing").  The Tenth Circuit directed Knight to brief this question: "Whether the magistrate judge is empowered to definitively rule on a Fed. R. App. P. 4(a)(5) motion for extension of time in which to file an appeal?"  Tenth Circuit's Order Suspending Briefing at 1.  The Tenth Circuit cited authority suggesting that a magistrate judge may not enter such an order.  See Tenth Circuit's Order Suspending Briefing at 1-2 ("It is clear that the district court judges are intended to retain ultimate decision-making power and continuing jurisdiction over the actions of magistrates." (quoting United States v. First Nat'l Bank of Rush Springs, 576 F.2d 852, 853 (10th Cir. 1978))).  The Tenth Circuit permitted Colvin to respond.  See Tenth Circuit's Order Suspending Briefing at 2.[1]

Knight filed the Motion to Enter Order the next day, asking the Court to enter an order extending the time to appeal.  See Motion to Enter Order at 1.  Knight points out that she timely filed her Motion and that Judge Garcia purportedly granted it.  See Motion to Enter Order at 1.  Knight informs the Court that her Counsel located her and her family before filing the Notice of Appeal.  See Motion to Enter Order at 1.  Given the Tenth Circuit's Order Suspending Briefing, Knight asks the Court to "enter an Order extending the time to file a Notice of Appeal to September 27, 2013."  Motion to Enter Order at 2.  Knight points out that, "[i]f Magistrate Judge

---

[1]  The Court understands that the parties complied with the Tenth Circuit's directive, but the parties have not provided the Court with their briefing on this question, and the Court is unable to access it.

Garcia's Order had no effect, then the original Motion is still pending," and, therefore, she "asks this Court to grant the Motion, in the nature of a *nunc pro tunc* recording of the previous Order, substituting the signature of a United States District Judge for that of a United States Magistrate Judge." Motion to Enter Order at 2.

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, opposes the Motion. See Motion to Enter Order at 1. The Defendant did not file a written response.

At the hearing, the Court invited the Defendant to explain why she opposes the Motion to Enter Order. See Transcript of Hearing, taken November 13, 2013 ("Tr.").[2] The Defendant stated that the Court lacks jurisdiction to consider this issue until the Tenth Circuit rules on the jurisdictional issue it raised *sua sponte*. See Tr. at 39:23-40:3 (Lucero). According to the Defendant, the parties agree that the magistrate judge lacked the authority to extend Knight's deadline to file a notice of appeal and that the authority to do so resides solely with the Court. See Tr. at 39:4-41:2 (Lucero, Court). The Defendant conceded that, "if the case had been referred to a magistrate judge to handle the entire case, then I think that's a different issue." Tr. at 41:2-9 Lucero. The Defendant pointed out that Knight had not submitted an order to the magistrate judge; "[i]t was an order that he [-- the magistrate judge --] generated." Tr. at 41:6-8 (Lucero). Colvin contended that, "[o]nce the Tenth Circuit took it up . . . , I think that divested the District Court of any jurisdiction to hear any matters until that is decided by the Tenth Circuit." Tr. at 41:10-16 (Colvin). The Defendant asserted that a timely filed notice of appeal is a jurisdictional requirement, and contended that Knight's Notice of Appeal divested the Court of jurisdiction. See Tr. at 41:16-42:1 (Colvin).

---

[2] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited versions. Any final transcript may contain slightly different page and/or line numbers.

The Court posed a hypothetical to the Defendant, asking what should happen if a would-be appellant were to miss the deadline by a single day -- having filed nothing else in the Court -- and thereafter ask a district judge to issue an order patterned after the Magistrate Judge's Order; the Defendant stated that the Court could not sign that order.  See Tr. at 42:14-43:4 (Court, Lucero).  The Defendant emphasized, however, that Knight did not miss the final deadline, because her Motion to Extend was timely and she filed her Notice of Appeal within the requested deadline.  See Tr. at 43:4-13 (Lucero).  The Defendant suggested that the issue "really boils down to: Did Judge Garcia have the authority to do that?  And if he didn't have the authority to do that, what's the next step?"  Tr. at 43:15-18 (Lucero).  The Defendant suggested that, whether the proper remedy is for the Tenth Circuit to dismiss the appeal or to deny the appeal, the Tenth Circuit, and not the Court, must address the magistrate judge's authority to extend the deadline. See Tr. at 43:18-44:3 (Lucero).  The Defendant stated that it is clear that the district court alone has the power to extend the deadline and that, although a magistrate judge may "make a recommendation to the District Court, saying, [']yes, there's excusable neglect,[']" the magistrate judge may not extend the deadline.  Tr. at 44:3-10 (Lucero).

The Court suggested that, if Knight has conceded that the magistrate judge cannot sign such an order, the Tenth Circuit will probably dismiss the appeal, and asked what the Defendant's position will be if the Tenth Circuit dismisses the appeal and Knight thereafter asks the Court to sign such an order.  See Tr. at 44:14-45:1 (Court, Lucero).  The Defendant stated that the best approach would be to grant the Motion to Extend, because it is "still pending before the Court.  So if the Court were to sign that and extends the deadline, the notice has already been filed . . . .  I don't think we would have any objection or grounds to object."  Tr. at 45:2-18

(Lucero, Court).  Upon the Court's inquiry, the Defendant confirmed that she does not oppose the Motion to Extend substantively, but believes the Court lacks jurisdiction to grant it, and

> want[s] to make sure that if the Court of Appeals does anything up there and we muck it up down here by being too early, that [creates] more of a problem.  I would rather that the Court here wait until the Tenth Circuit has addressed it one way or the other, and then at that point the plaintiffs [sic] know what they [sic] have to do.

Tr. at 45:19-46-8 (Court, Lucero).  The Defendant confirmed that the Tenth Circuit raised the jurisdictional issue *sua sponte*.  See Tr. at 46:0-21 (Court, Lucero).

The Court asked Knight whether, in light of her concession that the magistrate judge lacked the authority to grant the Motion to Extend, she would concede that the Court could not grant the extension she requested.  See Tr. at 47:1-7 (Court).  Knight declined to concede that point: in her view, because the magistrate judge lacked the authority to grant the extension she sought, the Tenth Circuit lacks jurisdiction over the case, and, because the Tenth Circuit lacks jurisdiction, the Court has jurisdiction "to enter an order postdating or *nunc pro tunc* to the original date."  Tr. at 41:8-14 (MacDowell).  Knight stated that, if the Tenth Circuit were to decide that it currently lacks jurisdiction, and the Court enters the order *nunc pro tunc*, the Tenth Circuit could "just proceed from this point forward as if . . . the case had been properly extended at the original case."  Tr. at 47:18-48:2 (MacDowell).  The Court asked Knight to point to any authority empowering the Court to enter the order she requests; Knight indicated that she has found no similar cases.  See Tr. at 48:3-49:4 (Court, MacDowell).  Knight contended that the cases which the Tenth Circuit's Order Suspending Briefing cites are distinguishable, because the magistrate judges in those cases did not extend the time to file the notice of appeal, but instead "entered dispositive orders that denied the requested relief, which then required [the Tenth Circuit] to remand back to the District Court so that the opposing side could object."  Tr. at

48:13-49:4 (Court, MacDowell).  Further, Knight pointed out that, unlike the magistrate judges

in the cases which the Tenth Circuit's Order Suspending Briefing cites, "Judge Garcia granted

the relief we requested" and argued that "the cases . . . are distinguishable for that reason."  Tr. at

49:5-7 (MacDowell)(emphasis added).

The Court asked if it could enter a *nunc pro tunc* order if Knight had missed the deadline

by a day; Knight contended that the scenario the Court describes "is exactly what happened in

this case," because she missed the deadline by one day "due to issues with finding the family"

and moved for an extension "well within" the deadline that rule 4 of the Federal Rules of

Appellate Procedure sets for such a motion.  Tr. at 49:12-50:1 (Court, MacDowell).  Knight

further stated that, if the Court had signed the Magistrate Judge's Order, that order would have

been proper, and suggested that the Defendant would agree with that understanding.  See Tr. at

50:1-5 (MacDowell).  The Court clarified its hypothetical, asking what would happen if the

would-be appellant had missed all deadlines, and asked whether that would-be appellant could

ask the Court to file a *nunc pro tunc* extension; Knight indicated that she did not believe the

Court could enter such an order.  See Tr. at 50:6-21 (Court, MacDowell).

The Defendant stated that the law precludes the Court from entering such an order *nunc*

*pro tunc*, and pointed to the Tenth Circuit's decision in W.N.J. v. Yocom, 257 F.3d 1171 (10th

Cir. 2001), in which the Tenth Circuit stated:

> A lack of jurisdiction cannot be corrected by an order *nunc pro tunc.*
> Central Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642,
> 644 (7th Cir. 1999).  As noted in that case, "the only proper office of a *nunc pro*
> *tunc* order is to correct a mistake in the records; it cannot be used to rewrite
> history."  *Id.*  The lack of original jurisdiction in the district court likewise cannot
> be cured after an appeal has been filed since, as a general matter, a district court
> loses jurisdiction over a case once a notice of appeal has been filed.

257 F.3d at 1172-73.  See Tr. at 51:1-22 (Lucero, Court).  The Defendant contended that, in light

of this language, a *nunc pro tunc* order is an improper way to cure a jurisdictional defect.  See Tr. at 52:3-7 (Lucero).  The Defendant submitted that the Court cannot take any of the actions that Knight seeks until the Tenth Circuit decides the jurisdictional issue and asked the Court to "hold this matter in abeyance until the Tenth Circuit" makes that decision.  See Tr. at 52:7-53:5 (Lucero).

The Court asked the Defendant if, in light of the quoted language from W.N.J. v. Yocom, the Court could ever enter the order Knight requests; the Defendant clarified that, because Knight's request for an extension is still pending before the Court, the Court may, after the Tenth Circuit divests itself of jurisdiction, enter an order granting that motion -- but not a *nunc pro tunc* order.  See Tr. at 53:6-54:18 (Court, Lucero).  The Defendant stated that she was unaware of any reason that the Court could not, after the Tenth Circuit acts, grant the Motion to Extend; she conceded that Knight timely filed the Motion to Extend and that Knight showed "excusable neglect," because her counsel could not find her.  Tr. at 54:19-55:5 (Court, Lucero).  The Defendant stated that, if the Tenth Circuit concludes that the magistrate judge cannot extend the deadline, it would either deny the appeal, dismiss the appeal, or remand the case for the Court to enter the order; the Court pointed out, and the Defendant agreed, that remand would imply that the Tenth Circuit had jurisdiction, unlike dismissal, which would not.  See Tr. at 55:6-23 (Court, Lucero).  To illustrate rule 4's operation, the Defendant pointed to a distinction between the Federal Rules of Bankruptcy Procedure, which limit the time within which a bankruptcy court may extend the deadline for filing a notice of appeal, and the Federal Rules of Appellate Procedure, which contain no such limit.  See Tr. at 55:23-56:23 (Lucero).

Knight reminded the Court that, if the Tenth Circuit dismisses the appeal, "it would be because they were finding they [had] no jurisdiction.  And if that's true," the Court has

jurisdiction.  See Tr. at 57:4-99 (MacDowell).  The Court stated that statement was true, but pointed out that, if the Tenth Circuit has jurisdiction to determine jurisdiction, perhaps the Court lacks jurisdiction to "do anything to influence them or change the ballgame."  Tr. at 57:10-21 (Court, MacDowell).  Knight stated that a *nunc pro tunc* order would hedge against that risk and sought to distinguish the cases that the Defendant cites on the ground that they dealt with *nunc pro tunc* orders which purported to resolve defects in the district court's original jurisdiction, while the Court unquestionably had original jurisdiction over this case.  See Tr. at 58:5-14 (MacDowell, Court).  Knight further stated that, "if the Tenth Circuit agreed that up to today, they didn't have jurisdiction and once you entered it *nunc pro tunc*, that cured it, that would be the best scenario."  Tr. at 58:15-24 (MacDowell).  Knight said: "If you didn't have jurisdiction I'm not sure what happens.  They ignore it, I presume."  Tr. at 58:25-59:1 (MacDowell).

The Court stated that it was "inclined to think that the Tenth Circuit does have jurisdiction to determine jurisdiction, and so until they make that determination," the Court lacks jurisdiction to act on Knight's motions.  Tr. at 59:2-9 (Court).  The Court indicated that it would give the issues more thought.  See Tr. at 59:11-15 (Court).

After the hearing, the Tenth Circuit issued the Tenth Circuit's Judicial Order, which provides:

> This matter comes on for consideration of the Parties' responses to this court's order of October 17, 2013.  Upon consideration thereof, briefing on the merits remains suspended.
>
> The matter of granting an extension of time to the appellant in which to file her notice of appeal appears to be still pending before the district court.  Accordingly, the parties shall notify this court within 10 days of a ruling by the district court on the motion for extension of time.
>
> If the court does not issue a ruling within 30 days of the date of this order, the parties shall file status reports with this court.

Tenth Circuit's Jurisdictional Order at 1-2.  The parties then sent the Court a letter alerting the Court to the Tenth Circuit's Jurisdictional Order.  See Letter from Francesca J. MacDowell, executed December 3, 2013, filed December 3, 2013 (Doc. 38)("Letter").  The Letter appears on Knight's counsel's letterhead, but states it has been "[a]pproved by" the Defendant's counsel. Letter at 1.  The Letter states the parties' understanding that the Tenth Circuit's Jurisdictional Order "indicate[s] they are waiting for [the Court] to rule on" the Motion to Extend and "respectfully request[s] that [the Court]" rule on it "within the 30 day timeline set by the court." Letter at 1.

## LAW REGARDING DISTRICT COURT JURISDICTION PENDING APPEAL

The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal.  See McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007).  A district court generally, however, retains jurisdiction to enforce its judgments.  See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394.  See also Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006).  Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt proceedings following the filing of an appeal.  See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223.  "If the judgment has been stayed or superseded, then the district court may not enforce it."  Avendano v. Smith, No. 11-0556, 2011 WL 5223041, at *4 (D.N.M. Oct. 6, 2011)(Browning, J.)(citing Santibanez v. Wier McMahon & Co., 105 F.3d 234, 238 (5th Cir. 1997)).

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides:

**(A)**     If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

> **(i)**     for judgment under Rule 50(b);
>
> **(ii)**     to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>
> **(iii)**     for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> **(iv)**     to alter or amend the judgment under Rule 59;
>
> **(v)**     for a new trial under Rule 59; or
>
> **(vi)**     for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A).  Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedures provides:

> If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i).  The United States Court of Appeals for the Second Circuit has held that a motion filed under rule 60(b) of the Federal Rules of Civil Procedure[3] which is filed

---

[3] Rule 60(b) provides:

**(b)** Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(c);

after the time period prescribed in rule 4(a)(4)(A) does not trigger rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure:

> As the time for filing a Rule 59 motion cannot be enlarged, the District Court should have construed the untimely motion for a new trial as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Nevertheless, according to its terms, Federal Rule of Appellate Procedure 4(a)(4) only stays the effectiveness of the notice of appeal if a pending Rule 60(b) motion was filed within ten days of the entry of judgment.

Burns v. King, 160 F. App'x 108, 111 n.2 (2d Cir. 2005)(unpublished)(citations omitted).

The Tenth Circuit has recognized that, in circumstances where a notice of appeal has been filed yet there is still a pending rule 60(b) motion for the district court to consider, the district court has jurisdiction to deny the motion on the merits but lacks jurisdiction to grant the motion.   See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1994)("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal in No. 88-2575, the court was free to consider the motion, and the court could then . . . deny it on the merits . . . .").  If the district court is inclined to grant the rule 60(b) motion, the Tenth Circuit has instructed that a district court should "notif[y] [the Tenth Circuit] of its intention to grant the motion upon proper remand."  Aldrich Enters., Inc. v. United States, 938 F.2d at 1143.

---

> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 4(a)(5)(a) of the Federal Rules of Appellate Procedure provides:

**(A)** The district court may extend the time to file a notice of appeal if:

> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

**(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

**(C)** No extension under this Rule 4 (a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5)(a) (emphasis added).

The Tenth Circuit has interpreted this provision as follows:

> The time parameters for filing notices of appeal are usually "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 . . . (1978). In a civil case, the notice of appeal generally "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a); see also 28 U.S.C. § 2107 (requiring a notice of appeal of a civil judgment to be filed within thirty days of judgment). The district court, however, may extend the time upon a showing of "excusable neglect or good cause," if a party moves for an extension no later than thirty days after the appeal time has expired. Fed. R. App. P. 4(a)(5)(A).

> The factors relevant to an excusable-neglect decision include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." City of Chanute[ v. Williams Natural Gas Co., 31 F.3d 1041,] 1046 [10th Cir. 1994] (quotation omitted). The time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary." Gooch v. Skelly Oil Co., 493 F.2d 366, 370 (10th Cir. 1974)(quotation omitted).

> The concept of good cause "take[s] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000). Good cause comes into play

"in situations in which there is no fault -- excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

Bishop v. Corsentino, 371 F.3d 1204, 1207 (10th Cir. 2004)(footnote omitted).

## ANALYSIS

The Court will grant Knight's motions in part.  Upon review of relevant authority and the Tenth Circuit's Jurisdictional Order, the Court concludes that Judge Garcia lacked the authority to extend the time within which Knight must file her notice of appeal; her Notice of Appeal was, therefore, untimely.  Because her Notice of Appeal was untimely, it is ineffective to divest the Court of jurisdiction and place jurisdiction in the Tenth Circuit.  Accordingly, the Court has the power to extend the time within which Knight must file her Notice of Appeal.  Because Knight has satisfied rule 4(a)(5)'s "good cause" requirement, the Court will extend the deadline.  The Court will not, however, enter a *nunc pro tunc* order or extend the deadline until September 27, 2013, as Knight requests, because, under Tenth Circuit law. the Court's order granting the Motion to Extend, standing alone, is sufficient to validate Knight's Notice of Appeal.

Judge Garcia lacked the authority to grant the Motion to Extend.  As the Tenth Circuit's Jurisdictional Order and the cases that it cites indicate, given that the parties did not consent to proceed before Judge Garcia under 28 U.S.C. § 636(c)(1), although Judge Garcia could recommend that the Court grant or deny the Motion to Extend, only the Court has the power to grant or deny it.  If Judge Garcia believed he could grant the Motion to Extend pursuant to 28 U.S.C. § 636(b)(3), which provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," the Tenth Circuit has "consistently recognized that a magistrate exercising 'additional duties' jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge

retains the ultimate responsibility for decision making in every instance." Colorado Bldg. and Const. Trades Council v. B.B. Andersen Constr. Co., Inc., 879 F.2d 809, 811 (alteration and some internal quotation marks omitted).   Indeed, the Tenth Circuit's Jurisdictional Order strongly supports that Judge Garcia was without power to extend the time within which Knight must file a notice of appeal.

Moreover, allowing a magistrate judge to render a final decision on such motions raises constitutional problems.  The decision whether to extend the time within which a party may file a notice of appeal necessarily determines whether a district court's disposition of a "case" or "controversy" will finally adjudicate the parties' rights and obligations, or whether a court of appeals will evaluate, and possibly revise, that decision.  Absent consent -- and even that may not be enough[4] -- the Constitution's separation of powers does not permit an Article I entity -- i.e., a magistrate judge -- to finally decide the fate of a "case" or "controversy" that the parties have presented to the Article III judiciary; that decision lies exclusively within the "judicial power of the United States," a power that only judges who enjoy the Constitution's life-tenure and compensation protections may properly exercise.  See U.S. Const. art. III, §§ 1-2.

In light of the Tenth Circuit's Jurisdictional Order, the Court concludes that Judge Garcia lacked the power to extend the time within which Knight must file a notice of appeal.  In the absence of an order effective to extend the deadline, Knight's Notice of Appeal is untimely and, thus, ineffective.

Because Knight's Notice of Appeal is ineffective, the Court retains jurisdiction.   As

---

[4] Indeed, after the Supreme Court of the United States' decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), it is not clear whether a magistrate judge could do so with the parties' consent.  The Supreme Court did not directly discuss the issue, but Stern v. Marshall's limitations on bankruptcy judges' authority raises questions about the scope of magistrate judges' authority.

Professors Charles Alan Wright and Arthur R. Miller explain: "If the notice of appeal is filed after the relevant appeal deadline, it does not remove the district court's jurisdiction to rule on a motion to extend the time to file the notice of appeal."  16A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 3949.1, at 53 (4th ed. 2008).  As the United State Court of Appeals for the Federal Circuit explained in a case that Professors Wright and Miller cite:

> Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal.  <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 . . . (1982); 20 James Wm. Moore, <u>Moore's Federal Practice</u> § 303.32[1] (3d ed. 1997).  That rule, however, does not extend to deficient notices of appeal.  To the contrary, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."  <u>Ruby v. Sec'y of U.S. Navy</u>, 365 F.2d 385, 389 (9th Cir. 1966)(en banc); see also <u>Rucker v. Dep't of Labor</u>, 798 F.2d 891, 892 (6th Cir. 1986)("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."); <u>In re Grand Jury Proceedings</u>, 795 F.2d 226, 231 (1st Cir. 1986)(same); <u>Arthur Andersen & Co. v. Finesilver</u>, 546 F.2d 338, 340-41 (10th Cir. 1976)(same). Professor Moore's treatise summarizes the point as follows:
>
>> A notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court.  If it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice and proceed with the case.  Thus, if an appeal is filed after the filing deadline has passed and no extension is granted, the case may proceed in the district court.

20 Moore, <u>supra</u>, § 303.32[2][b][iv][A] (footnotes omitted); see also <u>16A</u> Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3950.1 (3d ed. 1999)("The timeliness of the filing of the notice of appeal, as indicated, has come to be of critical importance in jurisdictional terms.").  The Supreme Court has recently emphasized the critical importance of a timely notice of appeal in conferring jurisdiction on an appellate court, stating in <u>Bowles v. Russell</u>, 551 U.S. 205 . . . (2007), "Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  Because Gilda's notice of appeal was filed a day late, the notice of appeal was untimely.  As such, it neither conferred jurisdiction on this court nor divested the trial court of jurisdiction to

entertain Gilda's subsequent motion to extend the filing deadline.

Gilda Indus., Inc. v. United States, 511 F.3d 1348, 1352 (Fed. Cir. 2008).[5]

The United States Court of Appeals for the Ninth Circuit confirmed this principle in

Levine v. Regents of University of California, 181 F. App'x 644 (9th Cir. 2006)(unpublished):

> The district court did not rule on the merits of Levine's timely pro se motion for an extension of time to file a notice of appeal on the ground that she had already filed an untimely notice of appeal.  See Fed. R. App. P. 4(a)(5)(A) (providing that the district court may extend time to file the notice of appeal upon a party's motion).  Because it was untimely, the initial notice of appeal was not effective and did not divest the district court of jurisdiction.  See Marx[ v. Loral Corp., 87 F.3d 1049, ] 1053-54 [(9th Cir. 1996), overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012) ](finding no abuse of discretion in district court's grant of motion for extension filed after untimely notice of appeal); see also Ruby v. Sec'y of the Navy, 365 F.2d [at 389] ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").  We therefore vacate and remand so that the district court may consider the merits of Levine's extension motion.

181 F. App'x at 645.  The Tenth Circuit's Jurisdictional Order also supports the Court's decision to exercise jurisdiction, because it suggests that the Court retains jurisdiction to act on Knight's motions and should act on at least the Motion to Extend.  The Court, therefore, concludes that it retains jurisdiction over this dispute.

The Court will extend the time within which Knight must file a notice of appeal.  Knight has satisfied the Tenth Circuit's understanding of rule 4's good-cause standard.  Knight appears to be doubly blameless: First, it is hard to think of a more convincing showing of circumstances outside the movant's control than that Knight's counsel was unable to locate Knight, because of

---

[5] As Professors Wright and Miller note, although Gilda Industries, Inc. v. United States involved an attempted appeal from an agency's decision, the same principles apply to appeals from a district court's decision.  See 16A C. Wright & A. Miller, supra §3950.1, at 53 n.29.

her possible homelessness.[6]   Second, Knight timely filed her Motion to Extend -- before the

deadline to file such a motion had expired.  Knight did not ask Judge Garcia to grant the Motion

to Extend; she asked the Court to do so.  See Motion to Extend at 1 ("Plaintiff requests an

extension of time to appeal from the final order in this case."). The Court concludes that Knight

has shown good cause to extend the deadline, and the Court will extend the deadline.

The Court's order will not, however, take the form that Knight requests.  The Tenth

Circuit has held that "Rule 4(a)(5) permits the district court's approval of a timely motion to

extend to validate a prior notice of appeal."  Hinton v. City of Elwood, 997 F.2d 774, 778 (10th

Cir. 1993).  The Tenth Circuit explained:

> A motion to extend, unlike a motion for a new trial for example, does not portend
> any substantive alteration in the form or content of the order being appealed from.
> Consequently, as in the case of a notice of appeal from an interlocutory order
> disposing of less than all the claims, to require the filing of a new notice of appeal
> following a motion to extend would amount to little more than empty paper
> shuffling. We do not believe the Federal Rules of Appellate Procedure were
> designed to impose such a hollow ritual on a would-be appellant.

997 F.2d at 778 (internal quotation marks omitted).[7]   Given this rule, there is no reason to grant

---

[6]   At the hearing, the Defendant conceded that Knight had satisfied the "excusable
neglect" standard.  It seems that the Court should not, however, apply the excusable-neglect
standard, because there is no evidence of neglect or "fault," Bishop v. Corsentino, 371 F.3d at
1207, on Knight's part.  Moreover, even if there the Court were to identify "neglect" on Knight's
part, the facts would justify a finding of excusable neglect.  That Knight's counsel could not
locate her, because she may be homeless, is a good reason for the limited delay she requests, and
there is no suggestion that Knight did not act in good faith.  There will be little impact on judicial
proceedings, and the Defendant will suffer only limited, if any, prejudice from this limited delay.

[7]   Although the Tenth Circuit based Hinton v. City of Elwood, in part, on an earlier
version of rule 4(a)(4), the Tenth Circuit has recently confirmed that Hinton v. City of Elwood's
analysis remains good law after the 1993 amendments to rule 4(a)(4).  See North Am. Specialty
Ins. Co. v. Corr. Med. Servs., 527 F.3d 1033, 1039 (10th Cir. 2008)(applying Hinton v. City of
Elwood's rule that, "so long as the order appealed from remains unchanged in both its from and
its content, a premature notice of appeal retains its validity" (internal quotation marks omitted)).
Further, as Professors Wright and Miller point out, "[t]he analogy [in Hinton v. City of Elwood]
is stronger with the 1993 amendments of Rule 4(a)(4), which allow a notice of appeal suspended

Knight's request that the Court enter the order *nunc pro tunc*.  As a general rule, the Court cannot use a *nunc pro tunc* order to cure a jurisdictional problem and can only rarely use *nunc pro tunc* orders in any case.   See generally W.N.J. v. Yocom, 257 F.3d 1171, 1172-73 (10th Cir. 2001)("'[T]he only proper office of a *nunc pro tunc* order is to correct a mistake in the records; it cannot be used to rewrite history.'" (quoting Cent. Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir. 1999))).   Nothing in Hinton v. City of Elwood requires the Court to enter the order *nunc pro tunc*; the Court's order granting the Motion to Extend in relevant part is enough to validate Knight's Notice of Appeal without engaging in *nunc pro tunc* gamesmanship.

Moreover, the same doctrine explains why there is no reason for the Court to extend the deadline to September 27, 2013.  The Tenth Circuit's opinion in Herrera v. Barnhart, 69 F. App'x 438 (10th Cir. 2003)(unpublished),[8] is instructive:

---

by a timely motion for new trial or similar relief to become effective upon disposition of the motion."  C. Wright & A. Miller, supra § 3950.3, at 302 n.15.

The Court also notes that, although Professors Wright and Miller suggest that "the safer practice is to file a new notice of appeal to supplement any notice that was untimely filed," they also state that "[s]ome courts have held, however, that an extension of time granted after a tardy notice of appeal has been filed is effective without a new notice; the extension 'retroactively validated' the original notice," and cite Hinton v. City of Elwood as an example of this doctrine. C. Wright & A. Miller, supra § 3950.3, at 302 & n.15.

[8] Herrera v. Barnhart is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

> At the outset, we are faced with a jurisdictional question involving the timeliness of appellant's notice of appeal.  The district court entered final judgment in this case on July 11, 2001.  The sixty-day deadline for filing a timely notice of appeal expired on Monday, September 10, 2001. Fed. R. App. P. 4(a)(1)(B), 26(a)(3). Appellant filed his notice of appeal eight days later, on September 18, 2001. Appellant subsequently requested an extension of time to file the notice, by a motion filed within the thirty-day period provided in Fed. R. App. P. 4(a)(5).  The district court granted the motion on October 4, 2001.  The district court's approval of appellant's timely motion to extend related back to validate his prior notice of appeal.  Hinton v. City of Elwood, Kan., 997 F.2d 774, 778 (10th Cir. 1993). We conclude that the notice of appeal was timely and that we have jurisdiction.

69 F. App'x at 441.  Knight filed her Notice of Appeal on September 25, 2013.  See Notice of Appeal at 1-2.  The Court's order granting Knight's Motion to Extend, therefore, "relates back to validate" Knight's prior Notice of Appeal.

The Court will, therefore, grant the Motion to Extend in part and thereby validate Knight's premature Notice of Appeal.  The Court will deny the Motion to Extend in part, insofar as it asks the Court to enter the order *nunc pro tunc* and to extend the deadline to September 27, 2013, because the Tenth Circuit's "relation back," "retroactive validation" doctrine prescribes a different -- but equally effective -- remedy.

**IT IS ORDERED** that: (i) Plaintiff's Motion to Extend Time to File Appeal, filed August 30, 2013 (Doc. 29), is granted in part and denied in part; and (ii) Plaintiff's Motion to Enter Order Extending Time to File Appeal, filed October 18, 2013 (Doc. 36), is granted in part and denied in part.  Knight's deadline to file her notice of appeal is extended until September 25, 2013.

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Herrera v. Barnhart has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT COURT

*Counsel:*

Michael D. Armstrong
Francesca J. MacDowell
Michael Armstrong Law Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Kenneth J. Gonzales
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

--and--

Brock Cima
Office of the General Counsel
Social Security Administration
Dallas, Texas

      *Attorneys for the Defendant*