IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAWN KNIGHT, on behalf of
P.K., a minor,

        Plaintiff,
vs.                                                                              CIV 12-0382 JB/KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PLAINTIFF'S MOTION FOR EAJA ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to Equal Access to Justice Act ("EAJA"), filed September 17, 2014. *Doc. 45.* In her response, the Acting Commissioner expressed concern that Plaintiff's requested fees in the amount of $21,480.41 and costs in the amount of $805.00 represent "excessive hours for [Plaintiff's] pleadings." *Doc. 1* at 1.

Defendant "suggests" that the fees be reduced to $9,942.66, in part because "[d]istrict courts have found that the typical number of hours claimed in an EAJA application for a 'straightforward' disability case is between 30 and 40." *Id.* at 6. The Commissioner observes that the plaintiff's attorneys have requested for the preparation of the motion to remand, the reply brief and objections to Magistrate Judge Garcia's Report and Recommendation ("R&R") "at least 17.50 hours over the typical number of

hours for a case with a 392-page transcript that did not present any novel legal issues." *Id.* at 6-7.

As Plaintiff points out in her reply brief on the EAJA motion, however, this case addresses the disability of a child rather than the usual case of an adult, a fact that introduces a level of complexity of its own.  Moreover, given the need for Plaintiff to address the magistrate judge's detailed 55-page R&R in her objections, this Court cannot find unreasonable the need for increased expenditure of time in preparing them.

It is also clear that Plaintiff's attorney, during their three years of pursuing relief for their client, faced obstacles not usually encountered in a "typical" case.  They encountered difficulties keeping in contact with their homeless client which necessitated seeking an extension of the time for filing an appeal of the district court's decision.

Plaintiff's attorneys also do not seek compensation for time in addressing Judge Browning's concern that Magistrate Judge Garcia lacked authority to grant the extension for an appeal to be filed.  *See Docs.29, 30, 38, 39*.  It appears that Plaintiff's counsel  were required to attend a hearing on that issue November 13, 2013.  It is unknown how long the hearing before Judge Browning lasted because apparently neither the clerk's minutes nor the referenced transcript were filed.  It is also unknown what amount of time was expended by Plaintiff's attorneys in preparing for that hearing because they have made no claim for compensation for their time.  What is clear, however, from Judge Browning's 21-page opinion following the hearing is that those issues were detailed and unusual and that he thoroughly questioned Plaintiff's counsel on their positions and applicable case law.   *See Doc. 39.*

Rather than belabor the matter further, for the reasons set forth by Plaintiff in her reply brief which are incorporated herein, she has met her burden of documenting and supporting the reasonableness of all time expenditures for which she seeks compensation. *Hensley v. Eckhart,* 461 U.S. 424 at 433-434.

**IT IS HEREBY RECOMMENDED** that the Court grant the Motion and award EAJA attorney fees and costs in the full amount requested by Plaintiff.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

*/s/ Karen B. Molzen*
UNITED STATES CHIEF MAGISTRATE JUDGE